DUBE et al. v. LIBERTY CLOTHING CO.

(Supreme Court, Special Term, Erie County.　June 1, 1915.)

1. SALES ⬅201—REFUSAL TO ACCEPT—TITLE.
   Where a buyer objected to a part of the goods shipped and was directed
   to return them, the title thereto never passed to the buyer.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 529–541; Dec. Dig.
   ⬅201.]

2. SALES ⬅201—REFUSAL TO ACCEPT—RETURN—BUYER AS SELLER'S AGENT.
   Where a buyer refused to accept part of the goods shipped by the seller
   and was directed to return them, the buyer became the seller's agent in
   returning the goods, and his delivery to a common carrier was delivery
   to the seller, relieving him from liability for the carrier's nondelivery.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 529–541; Dec. Dig.
   ⬅201.]

Appeal from City Court of Buffalo.

Action by Newman Dube and another against the Liberty Clothing
Company.　From a judgment for plaintiffs, defendant appeals.　Re-
versed, and new trial granted.

Vernon Cole, of Buffalo, for appellant.
Frank Gibbons, of Buffalo, for respondents.

WOODWARD, J.　The plaintiffs bring this action to recover the
purchase price of certain goods, wares, and merchandise which were
concededly sold to the defendants at the agreed price of $124, and upon
which the defendants have paid $43.75, and judgment has been entered
against the defendants for the sum of $80.25, with the costs of the
action.　The defendant appeals from the judgment of the City Court.

There is no substantial dispute about the facts.　When the consign-
ment of goods arrived at the defendant's place of business, it was found
that some of the goods did not conform to the samples.　Some cor-
respondence ensued, and the plaintiffs directed the defendant to return
such of the goods as it did not desire to keep.　The defendant claims
to have delivered the rejected goods to the New York Central & Hudson
River Railroad Company, consigned to the plaintiffs, whose place of
business is in New York City, and at the time of making this return
the defendant sent its check for $43.75, which was retained and used
by the plaintiffs.　The plaintiffs claim that they did not receive the
goods claimed to have been returned by the defendant, and while the
New York Central & Hudson River Railroad Company shows that it
delivered the consignment to some one under a written order claimed
to have been signed by the plaintiffs, the latter insist on holding the de-
fendant liable for these goods, and have recovered a judgment for the
value of the same.

There is no question of fraud or bad faith in the matter, no one sug-
gests that the defendant did not deliver the goods to the railroad com-
pany for transportation to the plaintiffs, but the latter contend that as

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a matter of law the defendant was bound to return the goods to the possession of the plaintiffs as a condition of receiving credit for the same. The plaintiffs' brief says:

"It will be observed that the instructions of the plaintiffs, to which the defendant acquiesced, were not to 'ship' the goods, but to return the goods to the plaintiffs. Even considered most favorably for the defendant, it was a question of intent and meaning. If the intention of the parties was that the defendant should be relieved of responsibility for the return of the goods when it delivered them to a common carrier, the proposition is one thing; if the intention of the parties was that responsibility should not be released until the goods were actually delivered to the plaintiffs, it is another thing."

And upon this proposition the respondents rest their case.

[1] The plaintiffs are doing business in the city of New York, and the defendant is engaged in business in the city of Buffalo. The goods, it may be assumed, were sent by freight through a common carrier, and when the plaintiffs authorized the defendant to return the goods, without specifying how they should be returned, there can be no question that the defendant had a right to construe this language as authorizing the delivery of the goods to a common carrier. The defendant had not accepted these goods. While, under ordinary circumstances, no doubt, the defendant would be deemed to have accepted the entire shipment by accepting a part, in the case now under consideration the defendant objected to a portion of the goods and asked for directions, and the plaintiffs permitted it to return the portion objected to, and I am of the opinion that the title never passed to the defendant of that part of the goods to which objection was made.

[2] If this was the case, the defendant was the agent of the plaintiffs in returning the goods, and if the railroad company has failed to deliver the same to the plaintiffs, the latter probably have a remedy against the common carrier. We can see no ground for holding that there was anything in the letter from the plaintiffs which justified the theory now contended for by the plaintiffs. A direction to return the goods was a direction to return them by a responsible carrier, in any intelligent understanding of language used in connection with a transaction of this character, and, if there was any question about it, the language would be construed most strongly against the user, and would justify the defendant in its conduct. We think a delivery of the goods to a common carrier was delivery to the plaintiffs, and that they must look to the railroad company, rather than to the defendant, for their value.

The judgment of the City Court should be reversed, and a new trial granted, with costs to abide the event.